SOUTHERN RY. CO. v. NORTH CAROLINA CORP. COMMISSION et al. SEABOARD & R. R. CO. v. SAME. ROANOKE & T. R. R. CO. v. SAME. RALEIGH & G. R. CO. v. SAME. RALEIGH & A. AIR-LINE R. CO. v. SAME. CAROLINA CENT. RY. CO. v. SAME. ATLANTIC COAST-LINE RY. CO. OF VIRGINIA v. SAME. WILMINGTON & W. R. CO. v. SAME. NORFOLK & C. R. CO. v. SAME.

(Circuit Court, E. D. North Carolina. December 10, 1900.)

EQUITY PLEADING—AMENDMENT OF ANSWER.

Amendments cannot be allowed to an answer after the time for taking testimony by the complainant has expired, the purpose of which is to make certain a construction of the original answer contended for by defendant, but disputed by complainant. Such amendment is either unnecessary, or it makes a change in the issues not permissible by the defendant at that stage of the case.

On Motions by Defendants for Leave to Amend Their Answers. See 104 Fed. 700.

Chas. Price and C. M. Busbee, for complainants.

H. G. Connor, Simmons, Pou & Ward, J. C. L. Harris, C. A. Cook, and John W. Hinsdale, for defendants.

SIMONTON, Circuit Judge. These cases now come up on a motion by defendants to amend the answers in each case. The reason for the proposed amendments is stated in the motion:

"Whereas, the complainants' counsel insist that the defendants in their answer in the above-entitled case have admitted that the corporation commission has assessed the property of the complainants at its true value; and whereas, the defendants contend that no such admission was made or intended to be made: Now, in order to avoid any uncertainty upon this point," defendants will move "for leave to amend the answer of defendants by inserting the following paragraphs."

The zeal and ability with which this motion has been argued, and the elaborate briefs submitted, deserve a full statement and discussion of the point involved. The cases were first heard upon the

return to a rule to show cause why an injunction should not issue. An immense number of ex parte affidavits were submitted at this hearing. An examination of the affidavits convinced the court that no satisfactory conclusion could be drawn from them. Nothing is more common in the trial of causes than a variance between the evidence of the same witness on examination and cross-examination and his statements in an affidavit. And this without any reflection upon the motives or character of the witness. Affidavits are generally prepared by a person other than the affiant. The scribe uses expressions which he thinks set out the meaning of the affiant. The latter is apt to sign after cursory reading or hearing, and, when afterwards his attention is directed to the words used in the affidavit, he discovers that he has wholly misunderstood the words used for him. At any rate, reading the affidavits submitted in these cases, the necessity for cross-examination of the affiants became manifest, and the causes were referred to a master. After that the answers were filed. Replication being in, the testimony was taken on behalf of complainant, and the time for taking it is about to end. At the date of this opinion it has ended. Then the motion now under consideration is made. There is no doubt that amendments can be allowed to the pleadings at almost any stage of a case (Richmond v. Irons, 121 U. S. 27, 7 Sup. Ct. 788, 30 L. Ed. 864),—in matters of form, mistakes of date, verbal inaccuracies, always; material amendments in an answer, rarely (Walden v. Bodley, 14 Pet. 156, 10 L. Ed. 398). A bill may be amended without material detriment to a defendant, because to such an amendment he has the right to answer. But if an answer be amended, shifting the issue or the ground of defense, a complainant may be driven to filing a new bill. Among other rules laid down as directing the discretion of the court in granting leave to amend, are two of great weight. The proposed amendment should not contain the same matter and defense as the original answer. Story, Eq. Pl. § 868. The amendment must not be of matter which could, with proper diligence, have been put in the answer. Comb Co. v. Phelps, Fed. Cas. No. 7,025. The answers in these cases were prepared by counsel of the highest standing at the bar, not only for learning, but accuracy. It would be difficult to believe that they have made use of language not conveying the meaning they intended. And now they assert that the answer does express their intention. If this appears in the answer as filed, then there is no occasion for any amendment. There is no need for the expression of the intention in language of classic purity. It is enough if the language used can bear the idea intended. An amendment at this stage of the case is too grave a matter to be used simply to improve the style of the answer. If the language used in the answer does not express the purpose for which it was used, so that the opposite party and the court cannot so interpret it, and if the amendment gives a new complexion to the case, it could not be allowed. The complainants have completed their testimony in chief. If the proposed amendment give a new complexion to the case,—if it raise issues not logically or properly raised in the answer,—then complainants would have the right to ask leave to introduce evidence looking to this new com-

plexion of the issue, and the cause which should be speedily decided may be prolonged indefinitely.

There are nine cases involved in this litigation. The bill of complaint in each case charges that the defendants have assessed the property of railroads at its full value, and that in this they have discriminated against the railroads, inasmuch as by universal rule all property other than railroad property in North Carolina is assessed for taxation greatly below its actual value in money. Although expressed in varying language, this is the gravamen of each bill. In the original answers this charge is categorically denied. The amendments proposed are eight in number, numbered xi a, b, c, d, e, f, g, h. These proposed amendments simply deny the allegations in detail, and aver that a practice to the contrary exists in every respect. Very much of the argument in support of the amendments goes to the merits of the case. This is not the time for such a discussion. The motion to amend as prayed for is refused.